# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0196, <u>Karen King v. Jennifer Lopez</u>, the court on September 15, 2017, issued the following order:**

Having considered the brief and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Jennifer Lopez, appeals a civil stalking final order of protection granted by the Circuit Court (<u>Crocker</u>, J.) in favor of the plaintiff, Karen King. <u>See</u> RSA 633:3-a, III-a (2016). We construe the defendant's brief to challenge the sufficiency of the evidence supporting the trial court's findings.

We review sufficiency of the evidence claims as a matter of law, upholding the trial court's findings and rulings unless they lack support in the evidence or are tainted by error of law. <u>Despres v. Hampsey</u>, 162 N.H. 398, 401 (2011). We view the evidence in the light most favorable to the plaintiff, deferring to the trial court's judgments as to the credibility of the witnesses and the weight to be given the evidence presented. <u>Id</u>. at 401, 404.

It is the burden of the appealing party, in this case the defendant, to provide so much of the record as is sufficient to decide the arguments she is raising on appeal. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004). In the absence of a transcript, we assume the evidence submitted at trial was sufficient to support the trial court's findings, and review its order for errors of law only. <u>See</u> <u>id</u>.; <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the [appealing] party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, [s]he shall include in the record a transcript of all evidence relevant to such finding or conclusion."). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006).

In this case, the defendant has not provided a transcript of the final hearing. Accordingly, we must assume that the evidence was sufficient to support the trial court's findings and decision to grant the protective order. <u>See</u> <u>Bean</u>, 151 N.H. at 250. Nor has the defendant articulated any error of law appearing on the face of the trial court's order. <u>See</u> <u>Atwood</u>, 142 N.H. at 397.

In light of this order, the defendant's motion to dissolve the final stalking order of protection based upon points of fact or law that she contends the trial

court overlooked or misunderstood at the final hearing is denied. To the extent she moves to dissolve the final order of protection based upon new evidence that was unavailable at the final hearing, the request is denied without prejudice to the defendant seeking relief from the trial court.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**
